UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
XCALIBER INTERNATIONAL LIMITED,  :
LLC,                             :
                                 :
         Plaintiff,              :
                                 :
     v.                          :  Misc. Action No. 05-0495 (JR)
                                 :
PHILL KLINE, in his official     :
capacity as Attorney General,    :
State of Kansas,                 :
                                 :
         Defendant.              :
```

**MEMORANDUM ORDER**

      Plaintiff XCaliber International Limited, LLC, engaged in litigation with the Attorney General of Kansas in the United States District Court for the District of Kansas, No. 05-2261 JWL, has served a document production subpoena on the National Association of Attorneys General at NAAG's Washington, D.C. office.  NAAG, which is not a party to the Kansas litigation, has filed a number of objections, and XCaliber has moved to compel pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure.

      In the interests of comity and the preservation of judicial resources, several of the arguments advanced by NAAG in its opposition to the motion should and can best be decided by the Kansas court, and any one of these issues is potentially dispositive:

1. <u>Relevance</u>.  NAAG asserts that the subpoena demands production of a "host of irrelevant information that is not reasonably likely to lead to the discovery of admissible evidence in the Kansas action."  The Kansas court is in a far better position to say what is relevant and what is not.

2. <u>Discovery deadline</u>.  It is for the Kansas court, and not me, to determine whether and how rigorously the discovery deadline imposed by its order is to be applied in a case before it.

3. <u>Meet and confer</u>.  Because meet and confer requirements are typically the creation of local rules, and because their enforcement usually depends upon the presiding judge's evaluation of the conduct of counsel, this question, too, belongs in the Kansas court.

It is accordingly **ORDERED** that the motion to compel is **denied without prejudice** to its renewal, if plaintiff is permitted to renew it after first presenting the issues identified above to the Kansas court for resolution.  If the motion to compel is renewed, the material already filed by both sides need not be refiled but may be incorporated by reference.

JAMES ROBERTSON
United States District Judge